IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

1.      George R. Armstrong
        1747 Pheasant Hollow Lane
        Toms River, NJ 08755-1031,

2.      Barry A. Baldwin
        105 Stevens Ridge Drive
        Jefferson Hills, PA 15025,

3.      Mark D. Dillow
        2926 E. Lark Street
        Springfield, MO 65804,

4.      Michael H. Gellick
        1115 Sturbridge Drive
        Medina, OH 44256-3075,

                                                CIVIL ACTION NO. 13-392

5.      Gundar J. Grundberg
        3842 169th Avenue SE
        Bellevue, WA 98008,                     COMPLAINT

6.      Patrick A. Johnson
        483 Cutler Bridge
        Schertz, TX 78154,

                        Plaintiffs,

                vs.

JOHN BERRY, DIRECTOR,
OFFICE OF PERSONNEL MANAGEMENT
1900 E Street, N.W., Room 5A09
Washington, D.C.  20415,

OFFICE OF PERSONNEL MANAGEMENT
1900 E Street, N.W.
Washington, D.C. 20415,

THE UNITED STATES OF AMERICA
c/o United States Attorney,

                        Defendants.
_____

**COMPLAINT IN A CIVIL ACTION UNDER THE ADMINISTRATIVE
PROCEDURE ACT SEEKING TO REVIEW AND
SET ASIDE DECISIONS OF THE OFFICE OF PERSONNEL MANAGEMENT
AND OTHER RELIEF**

## INTRODUCTION

1.      Plaintiffs, by their undersigned counsel, file this civil action under the Administrative Procedure Act, 5 U.S.C. § 551, et seq., and 5 U.S.C. § 701, et seq., ("APA") seeking review and the setting aside of decisions of the Office of Personnel Management ("OPM"), and remand to OPM of plaintiffs' claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., ("FLSA"), for further adjudication and settlement.

As grounds therefore, the plaintiffs allege as follows:

## JURISDICTION

2.      The United States District Court for the District of Columbia ("USDCDC" or "this Court"), has jurisdiction over this civil action pursuant to (1) 28 U.S.C. § 1331, in that the matters in controversy arise under the Constitution and laws of the United States; (2) 28 U.S.C. § 1337, in that the matters in controversy arise under an Act of Congress regulating commerce; (3) 28 U.S.C. § 1346, in that this is a civil action against the United States and its agents and agencies arising under an Act of Congress and regulations of an executive department of the United States which does not seek money damages; (4) under 28 U.S.C. § 1361, to compel an officer and an agency of the United States to perform duties owed to the plaintiffs; and (5) the APA.

3.      Further, this Court has jurisdiction to issue declaratory judgments and other relief sought herein under 28 U.S.C. §§ 2201 and 2202, in that actual controversies exist between the Plaintiffs and Defendants regarding actions and failures to act by Defendants under FLSA and other federal laws and regulations.

**VENUE**

4.      Venue is proper in this district under 28 U.S.C. § 1391, since this is a civil action in which Defendant United States and agents and agencies thereof have acted in an official capacity and under color of legal authority, a substantial portion of the events and/or omissions giving rise to the claims herein occurred in this District, and Defendants reside in this District..

**THE PARTIES AND DEFINITIONS**

5.      Defendant United States of America ("United States"), has been the employer of the plaintiffs;

6.      Defendant OPM ("OPM"), is an agency within the meaning of 5 U.S.C. § 551(1);

7.      Defendant John Berry ("Berry"), is the Director of OPM as established under 5 U.S.C. § 1102(a);

8.      Plaintiffs are "persons" within the meaning of 5 U.S.C. § 551(2);

9.      Plaintiffs are "parties" within the meaning of 5 U.S.C. § 551(3);

10.     OPM's decisions challenged herein are "orders" within the meaning of 5 U.S.C. § 551(6);

11.     OPM's decisions challenged herein are "sanctions" within the meaning of 5 U.S.C. § 551(10)(B);

12.     OPM's decisions challenged herein constitute denials of "relief" within the meaning of 5 U.S.C. § 551(11);

13.     OPM's decisions herein constitute "agency action" within the meaning of 5 U.S.C. § 551(13);

14.     The decisions of OPM challenged herein are reviewable as final agency action under APA;

15.     Plaintiffs, who are identified individually in paragraphs 34 through 63 below, allege that they have suffered legal and economic wrongs because of Defendants' actions, and have been adversely affected and aggrieved thereby regarding their rights under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., ("FLSA"), and 31 U.S.C. § 3702(b)(2) of the Barring Act, and seek judicial review thereof herein under APA.

## STATEMENT OF FACTS

16.     Plaintiffs have been employees of Defendant United States.  The Plaintiffs and their specific claims are listed and identified in paragraphs 34 through 63 herein.  The Plaintiffs have been employed by Defendant United States as Occupational Code 1811 Federal Criminal Investigators, or as occupants of other positions at agencies of Defendant United States.

17.     As a result of the actions and inactions of Defendants and their agents and agencies, Plaintiffs have suffered legal wrongs and economic injuries under FLSA and are adversely affected and aggrieved thereby.

18.     Defendant United States is or has been the employer of Plaintiffs within the meaning of FLSA.

19.     Between April 17, 1990 and June 23, 1994, undersigned counsel filed individual administrative claims on behalf of each of the Plaintiffs herein with the General Accounting Office ("GAO"), pursuant to the Barring Act, 31 U.S.C. § 3702 ("Barring Act"), as it then existed, seeking back pay and other relief, alleging violations of FLSA and Title 5 of the United States Code. The Plaintiffs claimed that Defendant United States and several of its agencies had

wrongfully, wilfully and improperly classified them as exempt from FLSA overtime pay provisions during their employment, or otherwise denied them their rights under FLSA, and accordingly they had been deprived of their lawfully required wages by Defendant United States and its agencies as they were entitled to be paid under FLSA for overtime hours worked.

20.     GAO acknowledged receipt of each of the Plaintiffs' administrative claims at the time that each such claim was filed with GAO.

21.     At the time Plaintiffs' administrative claims were filed by undersigned counsel with GAO, the Barring Act provided:

> A claim that is not received in the time required under this subsection shall be returned with a copy of this subsection, and no further communication is required.

22.     At no time did GAO or OPM return any of the Plaintiffs' claims to them, or their counsel, under the foregoing provision, or otherwise.

23.     On each of the dates that undersigned counsel filed administrative claims with GAO on behalf of each of the Plaintiffs, undersigned counsel filed complaints under the Tucker Act, 28 U.S.C. § 1491, on behalf of the same Plaintiffs in the United States Court of Federal Claims ("USCFC"), alleging violations of FLSA and Title 5 of the United States Code.

24.     At the time of the filing of the Plaintiffs' claims in the USCFC, the statute of limitations under FLSA for such claims filed in court was two years, or in the case of willful violations, three years.

25.     At the  time of the filing of the Plaintiffs' administrative claims with GAO, Section 3702(b)(2) of the Barring Act,  provided:

> When the claim of a member of the armed forces accrues during war or within 5 years before war begins, the claim must be received [by

GAO] within 5 years after peace is established or within the period
provided in paragraph (1) of this subsection, whichever is later.

26.     As is more fully set forth and alleged herein, all of the Plaintiffs herein served on active duty as members of the Armed Forces of Defendant United States during the Gulf War.

27.     Under Section 202(n)(1)(B) of the General Accounting Office Act of 1996, Pub. L. 104-316, 110 Stat. 3843-44 (October 19, 1996), the Comptroller General's authority to settle claims for federal employees' under FLSA and other laws was transferred from GAO to the Director of OPM.  Plaintiffs' administrative claims were transferred thereby and thereafter by GAO to OPM.

28.     In response to requests made by undersigned counsel on June 22, 1999, for a meeting with OPM to resolve and settle the FLSA administrative claims of the individual Plaintiffs herein, and others, who claimed entitlement to recover on their FLSA administrative claims in accordance with 31 U.S.C. § 3702(b)(2) relating to their military service on behalf of Defendant United States during the Gulf War, OPM responded by letter dated May 27, 1999, in part as follows through its Assistant General Counsel, Paul Britner:

> At issue is the statute of limitations applicable to those *Adams* plaintiffs who were called into the Reserves or National Guard during Operation Desert Storm/Shield.  Specifically, you suggest that the limitations period provided in 31 U.S.C. § 3702(b)(2) entitles these individuals to recovery on their Fair Labor Standards Act claims for the five-year period retroactive from the commencement of Operation Desert Storm/Storm [sic].

> Because the underlying claim of whether these individuals are entitled to any recovery at all on their FLSA claims still is being litigated [in court], we believe the issue of the applicable statute of limitations is not ripe for our consideration.  If your clients prevail on the merits of their FLSA claims, you may resubmit these claims.

On June 22, 1999, undersigned counsel responded by letter to Mr. Britner in part as follows:

You state in your letter [of May 27, 1999] that "[b]ecause the underlying claim of whether these individuals are entitled to any recovery at all on their FLSA claims still is being litigated, we believe the issue of the applicable statute of limitations is not ripe for our consideration."

This is to advise that in the case of certain of our clients who, for example, were GS-9, 11 and 12 criminal investigators at the United States Customs Service, their FLSA status was decided by the United States Court of Federal Claims in the above-captioned case [Adams]. A copy of Judge Tidwell's decisions in that case as well as his supplementary decision dealing with GS-12s at Customs are attached. Moreover, the claims of GS-9s and 11s at the Bureau of Alcohol, Tobacco and Firearms, Internal Revenue Service, United States Secret Service, Drug Enforcement Administration and GS-9s, 11s and 12s at the United States Customs Service were settled in 1994. A copy of the settlement agreements are attached.

Accordingly, since the FLSA status of such employees has been decided with respect to the foregoing positions, we would propose to meet with you discuss how their FLSA claims which are subject to Section 3702(b)(2) of the Barring Act, can be resolved.

29.     Neither Mr. Britner, nor anyone else representing OPM, has ever replied to undersigned counsel's letter of June 22, 1999.

30.     On December 1, 2004, in an unpublished opinion, USCFC granted summary judgment to the plaintiffs in the Adams litigation, holding that the plaintiffs therein were FLSA non-exempt and were entitled to recover liquidated damages for certain periods while they occupied the positions of GS-1811 Grade 13 Criminal Investigators at the Bureau of Alcohol, Tobacco and Firearms, Internal Revenue Service, Drug Enforcement Administration, United States Secret Service, and the United States Customs Service. Certain of the plaintiffs herein were among the foregoing plaintiffs.

31.     On November 22, 2006, the parties to the Adams cases entered into a settlement of the claims of the above-described GS-13 Plaintiffs. Such settlement was expressly

declared not to waive the FLSA claims then still pending of those plaintiffs for periods of their employment by Defendant United States other than the claims covered under such settlement.

32.     On January 12, 2011, and June 17, 2011, undersigned counsel wrote to Defendant Berry, Director of OPM, again seeking a response from OPM regarding the Plaintiffs' claims.  By letter dated September 6, 2011, from Ana A. Mazzi, Deputy Associate Director of OPM Merit System Audit and Compliance, Ms. Mazzi sought additional information from undersigned counsel regarding the plaintiffs' claims.  Such information was provided by undersigned counsel to OPM on behalf of all of the plaintiffs herein.

33.     Decisions by Defendant OPM with regard to the claims of the Plaintiffs herein were issued by OPM on November 2, 2012, declaring all of such claims to be time-barred.  It is from these decisions that Plaintiffs seek review, redress and reversal herein.

## THE SIX PLAINTIFFS AND THEIR INDIVIDUAL CLAIMS

### GEORGE R. ARMSTRONG

34.     George R. Armstrong is a plaintiff herein.  He resides at 1747 Pheasant Hollow Lane, Toms River, NJ 08755-1031.  Plaintiff Armstrong began his employment with Defendant United States as a criminal investigator at the Internal Revenue Service ("IRS"), commencing July 22, 1984, and continuing through December 31, 1995.

35.     On December 20, 1993, undersigned counsel filed an administrative claim on Plaintiff Armstrong's behalf with the GAO pursuant to the Barring Act, seeking back pay and other relief, alleging violations of FLSA and Title 5 of the United States Code. Specifically, Plaintiff Armstrong claimed that Defendant had wrongfully and improperly classified him as exempt from FLSA overtime pay provisions during his employment, and accordingly he had been denied

overtime pay by Defendant as required under FLSA for overtime hours he had worked for Defendant.  GAO acknowledged receipt of Plaintiff Armstrong's claim on December 20, 1993.

36.     The Gulf War commenced on August 2, 1990.  Plaintiff Armstrong served on active duty in the Gulf War with the United States Air Force Reserve from approximately October 1, 1990 to October 12, 1990, and from November 5, 1990 to November 16, 1990.

37.     Plaintiff Armstrong asserts that with respect to his administrative claim, pursuant to 31 U.S.C. § 3702(b)(2) he was entitled to back pay, liquidated damages, and interest under FLSA and the Back Pay Act for the five-year period he was employed by Defendant prior to the commencement of the Gulf War on August 2, 1990, up to the date covered under previous FLSA settlements with him in his case filed in the USCFC. Such period includes August 2, 1985 to December 14, 1991.

38.     Defendant OPM's November 2, 2012 decision denying the claim of Plaintiff Armstrong is attached hereto as Armstrong Exhibit 1.

**BARRY A. BALDWIN**

39.     Barry A. Baldwin is a plaintiff herein.  He resides at 105 Stevens Ridge Drive, Jefferson Hills, PA 15025.  Plaintiff Baldwin began his employment with Defendant as a criminal investigator at the Drug Enforcement Administration ("DEA"), commencing April 24, 1990.

40.     On June 23, 1994, undersigned counsel filed an administrative claim on Plaintiff Baldwin's behalf with GAO pursuant to the Barring Act, seeking back pay and other relief, alleging violations of FLSA and Title 5 of the United States Code. Specifically, Plaintiff Baldwin claimed that Defendant United States had wrongfully and improperly classified him as exempt from FLSA overtime pay provisions during his employment, and accordingly he had been denied

overtime pay by Defendant United States as required under FLSA for overtime hours he had worked. GAO acknowledged receipt of Plaintiff Baldwin's claim on June 23, 1994.

41.     The Gulf War commenced on August 2, 1990.  Plaintiff Baldwin served on active duty in the Gulf War with the United States Air Force Reserve from approximately January 24, 1991 to March 15, 1991.

42.     Plaintiff Baldwin asserts that with respect to his administrative claim, pursuant to 31 U.S.C. § 3702(b)(2) he was entitled to back pay, liquidated damages, and interest under FLSA and the Back Pay Act for the five-year period he was employed by Defendant prior to the commencement of the Gulf War on August 2, 1990, up to the date covered under previous FLSA settlements with him in the case filed on his behalf in the USCFC. Such period includes April 24, 1990 to June 13, 1992.

43.     Defendant OPM's November 2, 2012 decision denying the claim of Plaintiff Baldwin is attached hereto as Baldwin Exhibit 1.

## MARK D. DILLOW

44.     Mark D. Dillow is a plaintiff herein.  He resides at 2926 E. Lark Street, Springfield, MO 65804.  Plaintiff Dillow began his employment with Defendant United States as a criminal investigator at the Bureau of Alcohol, Tobacco and Firearms ("BATF"), commencing September 5, 1988 through April 3, 1997.

45.     On March 18, 1993, undersigned counsel filed an administrative claim on Plaintiff Dillow's behalf with the GAO pursuant to the Barring Act, seeking back pay and other relief, alleging violations of FLSA and Title 5 of the United States Code. Specifically, Plaintiff Dillow claimed that Defendant United States had wrongfully and improperly classified him as

exempt from FLSA overtime pay provisions during his employment, and accordingly he had been denied overtime pay by Defendant United States as required under FLSA for overtime hours he had worked.  GAO acknowledged receipt of Plaintiff Dillow's claim on March 18, 1993.

46.     The Gulf War commenced on August 2, 1990.  Plaintiff Dillow served on active duty in the Gulf War with the United States Army from approximately December 4, 1990 to June 9, 1991.

47.     Plaintiff Dillow asserts that with respect to his administrative claim, pursuant to 31 U.S.C. § 3702(b)(2) he was entitled to back pay, liquidated damages, and interest under FLSA and the Back Pay Act for the five-year period he was employed by Defendant prior to the commencement of the Gulf War on August 2, 1990, up to the date covered under previous FLSA settlements with him in the case filed on his behalf in USCFC. Such period includes September 5, 1988 to September 22, 1990.

48.     Defendant OPM's November 2, 2012 decision denying the claim of Plaintiff Dillow is attached hereto as Dillow Exhibit 1.

**MICHAEL H. GELLICK**

49.     Michael H. Gellick is a plaintiff herein.  He resides at 1115 Sturbridge Drive, Medina, OH 44256-3075.  Plaintiff Gellick began his employment with Defendant United States as a criminal investigator at the U.S. Immigration and Customs Enforcement, Department of Homeland Security, formerly U.S. Customs ("Customs"), commencing May 19, 1986.

50.     On April 17, 1990, undersigned counsel filed an administrative claim on Plaintiff Gellick's behalf with the GAO pursuant to the Barring Act, seeking back pay and other relief, alleging violations of FLSA and Title 5 of the United States Code. Specifically, Plaintiff Gellick claimed that Defendant United States had wrongfully and improperly classified him as exempt from FLSA overtime pay provisions during his employment, and accordingly he had been denied overtime pay by Defendant United States as required under FLSA for overtime hours he had worked.  GAO acknowledged receipt of Plaintiff Gellick's claim on December 20, 1993.

51.     The Gulf War commenced on August 2, 1990.  Plaintiff Gellick served on active duty in the Gulf War with the United States Marine Corps Reserve from approximately February 1, 1991 to March 29, 1991.

52.     Plaintiff Gellick asserts that with respect to his administrative claim, pursuant to 31 U.S.C. § 3702(b)(2) he was entitled to back pay, liquidated damages, and interest under FLSA and the Back Pay Act for the five-year period he was employed by Defendant prior to the commencement of the Gulf War on August 2, 1990, up to the date covered under previous FLSA settlements with him in the case filed on his behalf in the USCFC. Such period includes May 19, 1986  to June 4, 1988.

53.     Defendant OPM's November 2, 2012 decision denying the claim of Plaintiff Gellick is attached hereto as Gellick Exhibit 1.

**GUNDAR J. GRUNDBERG**

54.     Gundar J. Grundberg is a plaintiff herein.  He resides at 3842 169th Avenue SE, Bellevue, WA 98008.  Plaintiff Grundberg began his employment with Defendant United States as a criminal investigator with the Office of Inspector General at the United States Department of Agriculture ("USDA"), commencing October 13, 1985 through May 31, 2004.

55.     On April 28, 1994, undersigned counsel filed an administrative claim on Plaintiff Grundberg's behalf with the GAO pursuant to the Barring Act, seeking back pay and other relief, alleging violations of FLSA and Title 5 of the United States Code. Specifically, Plaintiff Grundberg claimed that Defendant United States had wrongfully and improperly classified him as exempt from FLSA overtime pay provisions during his employment, and accordingly he had been denied overtime pay by Defendant United States as required under FLSA for overtime hours he had worked.  GAO acknowledged receipt of Plaintiff Grundberg's claim on April 28, 1994.

56.     The Gulf War commenced on August 2, 1990.  Plaintiff Grundberg served on active duty in the Gulf War with the United States Army Reserve from approximately September 14, 1990 to April 15, 1991.

57.     Plaintiff Grundberg asserts that with respect to his administrative claim, pursuant to 31 U.S.C. § 3702(b)(2) he was entitled to back pay, liquidated damages, and interest under FLSA and the Back Pay Act for the five-year period he was employed by Defendant United States prior to the commencement of the Gulf War on August 2, 1990, up to the date covered under

previous FLSA settlements with him in the case filed on his behalf in the USCFC. Such period includes October 18, 1985 to April 18, 1992.

58.     Defendant OPM's November 2, 2012 decision denying the claim of Plaintiff Grundberg is attached hereto as Grundberg Exhibit 1.

**PATRICK W. JOHNSON**

59.     Patrick W. Johnson is a plaintiff herein.  He resides at 483 Cutler Bridge, Schertz, TX 78154.  Plaintiff Johnson began his employment with Defendant United States as a criminal investigator at the U.S. Immigration and Customs Enforcement, Department of Homeland Security, formerly U.S. Customs ("Customs"), commencing May 10, 1987.

60.     On April 1, 1994, undersigned counsel filed an administrative claim on Plaintiff Johnson's behalf with GAO pursuant to the Barring Act, seeking back pay and other relief, alleging violations of FLSA and Title 5 of the United States Code. Specifically, Plaintiff Johnson claimed that Defendant United States had wrongfully and improperly classified him as exempt from FLSA overtime pay provisions during his employment, and accordingly he had been denied overtime pay by Defendant United States as required under FLSA for overtime hours he had worked. GAO acknowledged receipt of Plaintiff Armstrong's claim on April 1, 1994.

61.     The Gulf War commenced on August 2, 1990.  Plaintiff Johnson served on active duty in the Gulf War with the United States Marine Corps Reserve from approximately January 26, 1991 to June 5, 1991.

62.     Plaintiff Johnson asserts that with respect to his administrative claim, pursuant to 31 U.S.C. § 3702(b)(2) he was entitled to back pay, liquidated damages, and interest under FLSA and the Back Pay Act for the five-year period he was employed by Defendant United States prior

- 14 -

to the commencement of the Gulf War on August 2, 1990, up to the date covered under previous FLSA settlements with him in the case filed on his behalf in the USCFC. Such period includes May 10, 1987 to March 21, 1992.

63.   Defendant OPM's November 2, 2012 decision denying the claim of Plaintiff Johnson is attached hereto as Johnson Exhibit 1.

## PLAINTIFFS' CLAIMS

## COUNT I

64.   Plaintiffs incorporate by reference herein the allegations of paragraphs 1 through 63 above.

65.   OPM's decisions regarding the claims of the Plaintiffs herein mistakenly concluded that the Plaintiffs' claims were time barred because plaintiffs had failed to seek adjudications from OPM regarding their FLSA non-exempt status. First, Plaintiffs were and are presumed to be FLSA non-exempt under FLSA.  See AFGE v. OPM, 821 F.2d 761 (D.C. Cir. 1987), and 5 C.F.R. § 551.202.[1]  Secondly, decisions of the United States Court of Federal Claims held plaintiffs' positions to be FLSA non-exempt. Those decisions were and are subject to issue preclusion vis-a-vis OPM. Further, under FLSA § 204(f), plaintiffs' right to seek resolution of their FLSA status and claims in court rather than at OPM was expressly preserved by Congress, and such decisions were not left to the exclusive jurisdiction of Defendant OPM as it appears to contend in its decision under review herein.  Finally, plaintiffs had no legal obligation to seek a decision from

---

[1]   "(a)   Each employee is presumed to be FLSA nonexempt . . .

(b)   The burden of proof rests with the [employee's] agency that asserts the exemption."

OPM declaring them FLSA nonexempt, and at all relevant times commencing with the date their claims were filed with GAO, Plaintiffs' administrative FLSA claims were and remained pending before the appropriate agencies of Defendant United States, namely GAO and OPM.

## COUNT II

66.     Plaintiffs incorporate herein the allegations of paragraphs 1 through 63 above.

67.     OPM's decisions challenged herein mistakenly and erroneously concluded that a provision of Pub. L. No. 104-52, 109 Stat. 468, 468-69 (1995), "precludes the application of the statute of limitations provided for in 31 U.S.C. § 3702(b)(2) for FLSA claims." OPM Decisions, p. 3. In fact however, the foregoing provision, on its face, is limited in its application to a provision of Pub. L. No. 103-329, 108 Stat. 2383, 2432 (1994), which does not affect the application to Plaintiffs as Gulf War veterans of 31 U.S.C. § 3702(b)(2).

## RELIEF SOUGHT

Plaintiffs seek an order herein:

(1)     holding and declaring mistaken, erroneous and unlawful, and setting aside, OPM's decisions challenged herein regarding each individual Plaintiff, on the ground that such decisions are arbitrary, capricious, an abuse of discretion, and/or otherwise not in accordance with, and are contrary to, applicable law under APA.

(2)     Remanding this case to OPM with instructions to adjudicate, process and "settle" Plaintiffs' claims in accordance with FLSA and other applicable laws, and direct their respective employing agencies to compensate them in accordance therewith.

(3)     Awarding attorney's fees and costs to the Plaintiffs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), on the ground that the Defendants' positions herein are not substantially justified.

(4)     Finally, Plaintiffs seek such other relief herein as this Court deems just and proper.

Respectfully submitted,

**/s/ Jules Bernstein**
Jules Bernstein  - D.C. Bar No. 057513
Linda Lipsett - D.C. Bar No. 383671
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
(202) 296-1798
chouse@bernstein-lipsett.com

Edgar James - D.C. Bar No. 333013
Tanya D. Senanayake*
James & Hoffman, P.C.
1130 Connecticut Ave., NW., Suite 950
Washington, D.C. 20036
(202) 496-0500
ejames@jamhoff.com
tdsenanayake@jamhoff.com

Attorneys for Plaintiffs


Dated: March 26, 2013


*pro hac vice application forthcoming